### STATE v. HARRISON
### (127 S. E., 445)

1. CRIMINAL LAW—REFUSAL TO DISMISS PANEL HELD NOT PREJUDICIAL TO DEFENDANT, WHO INTRODUCED NO EVIDENCE.—Refusal of motion to quash panel on ground that five jurors summoned by mail neither answered nor were accounted for *held* not prejudicial to defendant, who put in no evidence and raised no issue of fact.

2. FORGERY—INDICTMENT FOR FORGERY DESCRIBING PERSON DEFRAUDED AS A NATIONAL BANK IS SUFFICIENT WITHOUT ALLEGATION OF INCORPORATION OF SUCH BANK.—Indictment for forgery describing person defrauded as a national bank is sufficient without allegation of incorporation of such bank.

3. FORGERY—DENIAL OF DIRECTED VERDICT IN PROSECUTION FOR FORGERY OF WAREHOUSE RECEIPT HELD NOT ERROR.—In prosecution for forgery of warehouse receipt uttered as true and genuine, where evidence tended to show that appellant knew it was false, and that it was intended to defraud a particular bank and served its purpose, directed verdict on ground that receipt showed on its face that it was invalid *held* properly denied.

Before MAULDIN, J., Greenville, May, 1924.   Affirmed.

B. W. Harrison was convicted of forgery and he appeals.

*Messrs. Bonham, Price & Poag,* for appellant, cite: *Jurors improperly summoned:* Code Proc., 1922, Sec. 557. Rule 23, Circuit Court, 100 S. C., 248; 63 S. C., 548. *Indictment fatally defective:* 3 Brev., 507. *A void written instrument is not the subject of forgery:* 12 R. C. L., 150; 1 Bay 209. *Signature must resemble original:* 12 R. C. L., 143. *Paper must be apparently valid on its face:* 33 Hun., 240; 36 Sed., 82; 25 Am. Rep., 639; 8 Barb., 560; 30 Pac., 504; 25 Am. Reo., 475; 13 S. E., 104. *Court should have construed written instrument.* 17 S. C., 480; 81 S. C., 229.

*Messrs. J. G. Leatherwood, Solicitor,* and *Haynsworth & Haynsworth,* for the State, cite: *Jury proper:* 73 S. C., 512; 100 S. C., 248; 108 S. E., 105. *State warehouse receipt was subject of forgery:* 12 *Wheat.,* 64; 88 S. C., 56;

·54 S. C., 300. *Bank sufficiently identified in indictment:* 1 McNul., 336; 88 S. C., 56; 91 S. C., 551. *Unnecessary to allege corporate existence of bank in indictment:* 98 N. E., 973; 16 Sou., 342; 51 N. W., 755; 30 Pac., 831; 21 Wend., 409; 81 S. W., 309; 25 N. Y., 380; 27 Pac., 781. *Place where false document was uttered is proper place for trial:* 19 Cyc., 1391; 13 Enc. L., 1112; 5 S. W., 609; 72 Pac., 600.

April 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

"The defendant, B. W. Harrison, was a young cotton broker in the City of Greenville. His firm was known as the Anderson Cotton Company, having offices in the city of Greenville. At Walhalla they had a cotton warehouse which was in the State warehouse system.

"About February 2, 1924, the defendant borrowed $60,-000 from the Norwood National Bank of Greenville, giving as collateral numerous State warehouse receipts for cotton stored in the Walhalla establishment. Before the loan was due, J. W. Norwood, president of the bank, says he voluntarily came to the bank and confessed that the receipts were forged, and the prosecution was immediately commenced. Nine separate indictments were returned by the grand jury; each indictment charging the forging of one of the warehouse receipts put up as collateral in the $60.000 loan. Five other forgery indictments were found for a similar transaction at the First National Bank for $22,000. This appeal is from a conviction on one of these charges."

I. The jurors were summoned by mail, and five neither answered nor were accounted for. A motion was made to quash the panel. This motion was refused. Should the motion have been sustained? Error is a ground for reversal only when it is prejudical to the ap-

pellant. Here the defendant put up no evidence. There was not a single issue of fact, and a mere irregularity in summoning the jury could not have been prejudical to the appellant.

II. Should the indictment have been quashed?

2    The appellant claims that the indictment was fatally defective, in that it did not allege the incorporation of the Norwood National Bank, and did not allege the legal status of the warehouse at Walhalla. Appellant says the crime of forgery is not complete unless it is accompanied with an intention to defraud any person. Under all the authorities, the person defrauded must be sufficiently described. The description here was sufficient—certainly as to the National Bank.

III. The appellant moved for the direction of a
3    verdict, on the ground that the warehouse receipts showed on their faces that they were invalid.

In the *State v. Webster*, 88 S. C., 58 and 59; 70 S. E., 423; 32 L. R. A. (N. S.), 337, we find:

"In order to constitute forgery, by uttering or publishing a forged instrument of writing, three important factors are requisite: (1) It must be uttered, or published, as true or genuine. (2) It must be known, by the party uttering or publishing it, as false, forged, or counterfeited. (3) It must be with intent to prejudice, damage, or defraud another person. *State v. Murray*, 72 S. C., 508; 52 S. E., 189.

" 'The purpose of the statute against forgeries is to protect society against fabrication, falsification, and the uttering, publishing, and passing of forged instruments, which, if genuine, would establish or defeat some claim, impose some duty, or create some liability, or work some prejudice in law to another, in his right of person or property.' *People v. Tomlinson*, 35 Cal., 503. *State v. Cordray*, A. & E. Ann. Cases (Mo.), 1110.

" 'It is a well-settled rule at common law that an instrument may be the subject of forgery, though it does not in

fact work any legal injury upon the person whose name is forged.' *People v. Abeel,* 3 A. & E. Ann. Cases (N. Y.), 287, note.

" 'The writing need not be such, as if genuine, would be legally valid. If it is calculated to deceive and intended to be used for a fraudulent purpose, this is enough.' 13 A. & E. Enc., 1093.

" 'As the offense consists in the mere intention, it is not necessary, that any one should have been actually injured or defrauded by the forged writing. It is enough that it may probably or possibly be done.' 13 A. & E. Enc., 1085.

" 'It is no defense to a prosecution for forgery that the person committing it was, or considered himself, justly entitled to what he would obtain by means of the forgery.' 13 A. & E. Enc. 1084.

" 'Forgery may be committed of any writing which, if genuine, would operate as the foundation of another man's liability, or evidence of his right. It is sufficient if the instrument forged, supposing it to be genuine, might have been prejudical.' 19 Cyc., 1380."

The receipts were uttered as true and genuine. The evidence tended to show that the appellant knew it to be false. The evidence tended to show that the forged receipt was intended to defraud the Norwood National Bank, and served its purpose.

The appellants assignments of error cannot be sustained, and the judgment appealed from is affirmed.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN (concurring in result). I concur in the result. I do not think that the failure of the defendant to put up testimony would render harmless an irregularity in summoning the jury.

Of the five jurors who failed to appear, one accepted service of the summons, one was a magistrate and disqualified, and the other three could not be found by the sheriff after they failed to respond to the summons. Under these conditions, I do not think the entire panel should have been dismissed under a motion to quash. *State v. Tidwell,* 100 S. C., 248; 84 S. E., 778.

MR. JUSTICE MARION concurs.

## ON PETITION FOR REHEARING

PER CURIAM. The petition for rehearing was fully considered, and ACTING ASSOCIATE JUSTICE W. C. COTHRAN was called in to consider both the opinion and the petition.

Upon consideration, it is ordered that the petition be dismissed.

MESSRS. JUSTICES WATTS, FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.